Carllyle JOHNSON

v.

Doyle BUSBY, Donald Miller and Myron Gauger.

No. Civ. 79–1045.

United States District Court, D. South Dakota, N. D.

Aug. 4, 1981.

Roger Tellinghuisen, Amundson & Fuller, Lead, S. D., for plaintiff.

John J. Ulrich, U. S. Atty., Sioux Falls, S. D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### CASE SUMMARY

Plaintiff brought this action in state court against defendants, county representatives of the Farmers Home Administration (FmHA) of the United States Department of Agriculture. Defendants thereafter removed this case to this Court under 28 U.S.C. § 1442(a). This Court, on its own motion, requested briefs from the parties on the question of jurisdiction, and after due consideration, holds that it does have jurisdiction and orders the case brought on for trial.

### FACTUAL BÁCKGROUND

According to plaintiff's factual summary, solicited by this Court, plaintiff operated a farm and a general store called Johnsonville in Deuel County, South Dakota. Plaintiff was also active in a group called the National Farmers Organization.

In 1976, plaintiff applied for a loan from the FmHA. His application was considered by the FmHA County Committee, specifically defendants Gauger and Miller, with, apparently, the participation of the County Supervisor, defendant Busby. The application was denied. Plaintiff alleges that the loan was denied by defendants because of "personal biases and prejudices and not out of any valid considerations to be taken into account when receiving a loan request such as submitted by Plaintiff," and that it was done maliciously to ruin plaintiff's businesses.

### LEGAL DISCUSSION

It is clear that if the acts of which plaintiff complains were conducted within de-

fendants' scope of employment, plaintiff's sole remedy would lie under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Because plaintiff concedes that he has not filed an administrative claim for damages resulting from these acts, 28 U.S.C. § 2675, the FTCA is unavailable to plaintiff.[1] But, plaintiff claims, defendants' actions were committed outside the scope of their employment, thus rendering defendants liable in common-law tort, Prosser, *Torts*, 989 (4th ed. 1971), and rendering the FTCA's limitations inapplicable. Because there is no diversity, this Court would not normally possess jurisdiction over this case, as plaintiff recognized when he initially filed his action in state court.

The question thus arises of how jurisdiction is to be determined when it is plaintiff's contention that defendants' acts were committed outside their "scope of employment", as that phrase is defined under the FTCA, while the United States alleges that defendants' acts were done under "color of office", within the meaning of the removal statute, 28 U.S.C. § 1442(a)(1). Fortunately, the question can be rather easily answered by reference to the case of *Willingham v. Morgan*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

*Willingham* has some marked similarities with this case. In *Willingham*, the warden and chief medical officer of the federal penitentiary at Leavenworth, Kansas, were sued by a prisoner in state court who alleged that defendants had inoculated him with harmful substances and had assaulted him. Defendants, using the same statute at issue here, removed the case to United States District Court, which denied plaintiff's motion to remand. The denial of the remand motion was reversed by the court of appeals, but this was in turn vacated by the United States Supreme Court.

The Court said § 1442(a)(1) was "broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." 395 U.S. at 406–7, 89 S.Ct. at 1816. Any other interpretation, the Court said, "would have the anomalous result of allowing removal only when the officers had a clearly sustainable defense ... one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. The officer need not win his case before he can have it removed." 395 U.S. at 407, 89 S.Ct. at 1816.

As in this case,[2] plaintiff in *Willingham* contended that he was suing defendants for acts which occurred outside the scope of their employment, that the alleged injuries to him occurred while defendants were acting on a "frolic of their own." But if it appeared that there was a "causal connection" between the plaintiff's allegations and the defendants' asserted official activity, the Court said, removal was to be sustained. The "connection" in *Willingham* consisted "of the undisputed fact that petitioners were on duty, at their place of federal employment, at all the relevant times. If the question raised is whether they were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state court." 395 U.S. at 409, 89 S.Ct. at 1817. *See also Estrada v. Hills*, 401 F.Supp. 429 (N.D.Ill.1975).

It clearly appears from the face of the complaint and by implication from defendants' affidavits that defendants came into contact with plaintiff only by virtue of their official duties with the FmHA. The Court must accordingly find that the "causal connection" between the allegations of plaintiff's complaint and defendants' asserted official authority has been established, and that removal under § 1442(a)(1) was proper.

It is therefore ordered that this case be brought on for trial at Aberdeen, South Dakota, on Aug. 14, 1981.

1. It is possible that even had plaintiff filed an administrative claim, the FTCA would still be unavailable to him. 28 U.S.C. §§ 2680(a), (h).

2. It should be noted, however, that plaintiff in this case does not seek remand, and agrees that jurisdiction is now properly in this Court.